SHARON A.F. BERINOBIS, Plaintiff-Appellee,
v.
DARRELL SIU, aka NICKY CATERING, aka NICKY BARBEQUE, Defendant-Appellant.
No. 28864.
Intermediate Court of Appeals of Hawaii.
April 27, 2009.
On the briefs:
Richard Hacker, for Defendant-Appellant.
Jacob M. Merrill, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, NAKAMURA and FUJISE, JJ.
Defendant-Appellant Darrell Siu (Siu), aka Nicky Catering, aka Nicky Barbeque, appeals from the Judgment filed on October 24, 2007 in the District Court of the First Circuit, Honolulu Division (district court).[1] The district court entered judgment in favor of Plaintiff-Appellee Sharon A.F. Berinobis (Berinobis) and against Siu.
On appeal, Siu argues that the district court erred in its Written Decision filed on September 26, 2007 by (1) concluding that Siu had breached his contract with Berinobis to sell a lunch wagon "with location" for $15,000 and (2) applying tort law to award Berinobis damages in a contract case. In connection with these two points on appeal, Siu argues that Findings of Fact (FOFs) 2, 4, 8, 10, 12, 13, 14, 18, and 20 are clearly erroneous and that Conclusions of Law (COLs) 2, 3, and 4 are wrong. Siu asks this court to vacate the Judgment and remand the case.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Siu's appeal is without merit.
The district court was not wrong in concluding that Siu breached his contract to sell a lunch wagon "with location" to Berinobis for $15,000 because Siu did not have the right to sell the Hawaiian Airlines (HA) Supply Cargo parking lot location (HA Lot). It is well established that "[i]ntrinsic to finding the existence of an agreement is finding the intention of the parties. It is an elementary rule of contract law that there must be a meeting of the minds on all essential elements or terms in order to create a binding contract." United Pub. Workers, AFSCME, Local 646, AFL-CIO v. Dawson Int'l, Inc., 113 Hawai'i 127, 141, 149 P.3d 495, 509 (2006) (internal quotation marks, citation, and brackets in original omitted).
In the instant case, FOFs 3, 4, 10 through 13, 18, and 20 are substantially supported by the record and indicate that the parties mutually intended to sell and purchase a lunch wagon with the right to operate on the HA Lot:
3. On or before June 12, 2005, [Siu] advertised the sale of one of his lunch wagons in the "Business for Sale" section of the Honolulu Advertiser, . . . which advertisement read, "Lunch wagon with location $15,000; Great for 1st time operator; Ready to go; Brd. of Hlth Cert. 387-6901";
4. On or about June 12, 2005, [Berinobis] responded to the advertisement, and at that time, [Siu] told [Berinobis] that the location he was selling was the [HA Lot] off of Elliot Street. . . .; ....
10. When asked by [Berinobis], [Siu] refused to lower his $15,000 selling price because the HA [Lot] he was "selling" with the lunch wagon was a good location where he had operated for 18 years, and because others wanted to purchase that location;
11. [Berinobis] agreed to purchase the "lunch wagon with location" for $15,000 and she paid $5,000 down, and the remaining $10,000 was paid when she picked up the lunch wagon;
12. [Siu] clearly intended to communicate to [Berinobis] that he was selling "his location" at the HA [Lot] to [Berinobis];
13. [Siu] believed he had the ability to sell the HA [Lot] location to [Berinobis];....
18. [Berinobis] reasonably relied on [Siu's] representations regarding the location [Siu] advertised for sale and did attempt to sell to [Berinobis].....
20. On August 15, 2005, [Berinobis] attempted to open for business and operate her lunch wagon at the HA [Lot].
(Emphases added.)[2] Where there was a meeting of the minds on all essential elements or terms, the parties indeed formed a binding contract, which Siu breached because he could not sell the HA Lot as represented.[3] The district court's COL 2[4] is sufficiently supported by the FOFs and reflects an application of the correct rule of law.
The district court properly applied contract law in awarding Berinobis damages. In Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 128, 839 P.2d 10, 32 (1992), the Hawai'i Supreme Court stated:
"It is now a well established principle in the law of damages that, when one sustains a loss by breach of a contract, he is entitled to have just compensation commensurate with his loss" and "that damages awarded should be in such amount as will actually or as precisely as possible compensate the injured party." Ferreira v. Honolulu Star-Bulletin, Ltd., 44 Haw. 567, 573-74, 356 P.2d 651, 655, reh'g denied, 44 Haw. 581, 357 P.2d 112 (1960). The Ferreira rule is limited by the doctrines of legal causation and foreseeability enunciated by the court in Jones [v. Johnson, 41 Haw. 389 (Haw. Terr. 1956) ] as follows:
The general rule is that in an action for damages for breach of contract only such damages can be recovered as are the natural and proximate consequence of its breach; that the damages recoverable must be incidental to the contract and be caused by its breach; as the cases express it, such as may reasonably be supposed to have been in the contemplation of the parties at the time the contract was entered into.
41 Haw. at 393.
74 Haw. at 128, 839 P.2d at 32.
Siu does not dispute the district court's FOF 19, which lists the expenditures that Berinobis incurred in reliance on her contract with Siu,[5] or otherwise argue that the expenditures were not foreseeable or reasonably contemplated by the parties. The damages incurred by Berinobis in paying for the lunch wagon "with location" when added to the damages attributable to her subsequent expenditures exceeded the $20,000 in damages awarded by the district court. Thus, the district court did not err in awarding damages up to the court's $20,000 jurisdictional limit, and COLs 3 and 4[6] were not wrong to the extent that they determined that Berinobis was entitled to $20,000 in damages for breach of contract.
Therefore,
The Judgment filed on October 24, 2007 in the District Court of the First Circuit, Honolulu Division, is affirmed.
NOTES
[1] The Honorable Barbara P. Richardson presided.
[2] As to FOFs 2, 8, and 14, which Siu challenges, the district court erred in finding in FOF 2 that Berinobis, not Siu, "was the owner of and in the business of operating lunch wagons at various sites on Oahu"; in FOF 8 that Siu had six lunch wagons instead of four or five; and in FOF 14 that the HA Manager was the supply supervisor, the person who oversaw the HA Lot, and the person in charge of regulating use of the HA Lot. The errors, however, were harmless and do not affect the outcome of this case.
[3] This conclusion is supported by the following FOFs, which remain undisputed:

15. [The HA Manager] told [Siu] on numerous occasions to move [Siu's] lunch wagon out of or away from the HA [Lot];
16. [Siu] failed to disclose to [Berinobis] that he has had trouble on many occasions with [the HA Manager] regarding [Siu's] ability to operate his lunch wagon on [the HA Lot], and this was a significant and material omission;
17. [Siu] had neither clear permission nor a guarantee from anyone at [HA,]. . . the federal government, the State of Hawaii or the City and County of Honolulu to park and locate his lunch wagon on the HA [Lot];
21. [The HA Manager] approached [Berinobis] and advised her that A) she could not park or operate her lunch wagon at the HA [Lot], B) he had repeatedly told [Siu] he could not park or operate his lunch wagon in the HA [Lot], and C) [Siu] did not have the right to sell "the location" at the HA [Lot].
[4] COL 2 provides that " [Siu] did not have the right to sell to [Berinobis] the HA [Lot] he advertised in the Honolulu Advertiser, thereby breaching his contract with [Berinobis] to sell one of his lunch wagons `with location' to [Berinobis] for $15,000."
[5] FOF 19 states as follows:

19. In reliance on [Siu's] representations, [Berinobis]:
A. Entered into and paid $1,375.00 for a 3-month lease agreement to use a commissary kitchen. . .;
B. Purchased liability insurance which named [HA] as an additional insured at a cost of $3,064.15. . .;
C. Made automotive repairs to the lunch wagon which cost $1,618.23. . .;
D. Purchased uniforms and a vinyl sign which cost $324.73. . .;
E. Purchased hardware to install fixtures and cabinets in the lunch wagon which cost $587.33. . .;
F. Purchased kitchen equipment required for the lunch wagon to comply with Department of Health Rules and Regulations, all of which cost $10,666.25. . .;
G. Purchased a generator to provide power to the lunch wagon for $3,123.94 . . .; and
H. Purchased food for the opening day and first week of operation which cost $2,755.91.
[6] COLs 3 and 4 provide as follows:

3. As a result of [Siu's] breach, [Berinobis] suffered damages in the total amount of $38,515.54; and
4. The court need not consider [Berinobis's] other theories of liability since [Berinobis] has proven contractual damages as set forth above which far exceed the jurisdictional limit of this court.